# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3469

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   District of Nebraska. |
| Tony Shannell Reynolds, | * |
| | *   [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: June 22, 2005
Filed: July 5, 2005

_____

Before SMITH, FAGG, and MAGILL, Circuit Judges.

_____

PER CURIAM.

Tony Reynolds appeals from the sentence the district court[1] imposed after he pleaded guilty to conspiring to distribute 500 grams but less than 1.5 kilograms of a mixture containing cocaine base, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1), and 846. The district court sentenced Reynolds to 260 months imprisonment and 5 years supervised release, and on appeal, Reynolds's counsel moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Reynolds's sentence is extreme. Reynolds has filed a pro se supplemental brief in which he

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

makes reference to <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), and appears to assert that his criminal history category overrepresents the seriousness of his past conduct and that the district court erroneously considered his failure to appear at his original sentencing hearing in imposing the instant sentence.  We reject all of the foregoing arguments and affirm.

The <u>Anders</u> brief argument, which we construe as an Eighth Amendment challenge, fails.  <u>Cf.</u> <u>Harmelin v. Michigan</u>, 501 U.S. 957, 961, 994-95 (1991) (state sentence of mandatory life imprisonment without possibility of parole for possessing 672 grams of cocaine did not violate Eighth Amendment); <u>United States v. Prior</u>, 107 F.3d 654, 659-60 (8th Cir.) (finding no Eighth Amendment violation for defendant's "harsh" life sentence following guilty plea to methamphetamine offense), <u>cert. denied</u>, 522 U.S. 824 (1997).

The pro se arguments also fail.  First, the district court properly could consider Reynolds's failure to appear at his original sentencing hearing in determining an appropriate sentence.  <u>See</u> 18 U.S.C. § 3661 (in determining appropriate sentence to impose, court may consider information concerning background, character, and conduct of defendant); U.S.S.G. § 1B1.4 (same).  Second, Reynolds did not raise any issue below regarding the propriety of his criminal history category and the district court did not plainly err in not doing so sua sponte.  <u>See</u> <u>United States v. Montanye</u>, 996 F.2d 190, 192 (8th Cir. 1993) (en banc) (standard of review for issues not raised below is plain error).  Third, Reynolds's <u>Blakely</u> challenge is unavailing because he stipulated to the drug quantity on which he was sentenced and nothing in the record suggests he would have received a more favorable sentence under an advisory Guidelines scheme.  <u>See</u> <u>United States v. Booker</u>, 125 S. Ct. 738, 756-57, 764-65 (2005); <u>United States v. Pirani</u>, 406 F.3d 543, 549-53 (8th Cir. 2005) (en banc) (preservation of <u>Booker</u> error; plain error standard of review).

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues.

Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____